NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1434

STATE OF LOUISIANA, DEPARTMENT OF
SOCIAL SERVICES, SUPPORT ENFORCEMENT
SERVICES

VERSUS

EDWARD EARL LEWIS

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. CS 05-170
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.

William Daniel Dyess
Dyess Law Firm, LLC
207 Church Street
Natchitoches, LA 71457
(318) 352-5880
COUNSEL FOR DEFENDANT/APPELLANT:
        Edward Earl Lewis

**George Leopold Celles IV**
**Assistant District Attorney**
**Tenth Judicial District**
**Post Office Box 486**
**Natchitoches, LA 71458-0486**
**(318) 238-4000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**State of Louisiana, Department of Social Services,Support Enforcement**
**Services**

**GREMILLION, Judge.**

Mr. Edward Earl Lewis appeals the order of the trial court denying his motion to reduce his child support obligation for the support of his daughter, Ciara Lewis. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Lewis cohabited for some time with Ms. Catina Lynch, Ciara's mother. Of that relationship, Ciara was born. Mr. Lewis was ordered to pay child support of $172.00 per month beginning in November 2007. In October 2011, Mr. Lewis's obligation was increased to $400.00 per month because of allegations that he was performing as a rapper. The hearing officer recommended that this amount be fixed based upon a wage survey. That recommendation was adopted by the trial court over Mr. Lewis's objection. Mr. Lewis did not appeal that decision.

In November 2012, Mr. Lewis filed the current rule to modify his child support obligation because he was unemployed. On January 31, 2013, the hearing officer recommended that the child support obligation remain $400.00. The district court held a contradictory hearing on February 27, 2013, after Mr. Lewis objected to the hearing officer's recommendation.

The main issue was whether Mr. Lewis was working as a professional rapper. He testified that he rapped as a hobby. He has recording equipment at his home, but it is basically just a computer he uses to record. He has never derived any income from rapping. All of his income is earned washing cars and doing odd jobs at a local car dealership, and amounts to less than minimum wage.

Ms. Lynch, on the other hand, has heard songs recorded by Mr. Lewis played over a local radio station. When she and Mr. Lewis lived in Shreveport, Ms. Lynch witnessed Mr. Lewis selling CDs he had recorded. Mr. Lewis told Ms.

Lynch that he had performed publicly. Further, Ms. Lynch testified that Mr. Lewis has an actual recording booth in his home, complete with a mixing board and microphones.

The hearing officer heard this motion and denied it. She found specifically that Mr. Lewis was not being truthful about his earnings and that he had not experienced a change in circumstances as is required to warrant a modification of a child support award. *See* La.R.S. 9:311(A).

## ANALYSIS

The October 2011 award of child support was based upon La.R.S. 9:315.11, which premises an award upon income earning potential when the obligor is voluntarily unemployed or underemployed. This award was not appealed. Under La.R.S. 9:311(A)(1), an award may "not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." Accordingly, the trial court was not authorized to modify the award without Mr. Lewis demonstrating a material change in circumstances.

The hearing officer heard testimony from Mr. Lewis that he was in fact employed on an odd-job basis by a local car dealership. This was the same claim he had made in October 2011. The hearing officer found that Mr. Lewis had demonstrated no change in circumstances. A trial court's conclusions regarding the underlying facts in a child support matter are reviewed under the manifest error/clearly wrong standard. *Romans v. Romans*, 01-587 (La.App. 3 Cir. 10/31/01), 799 So2d 810.

Here, the complaint was not regarding any change in circumstances, but that the October award should not have been based upon Mr. Lewis's earning potential

2

as a rapper.  We find that the record reasonably supports the conclusion that Mr. Lewis did not demonstrate a change in circumstances to warrant a modification of his support obligation.  The judgment of the trial court is affirmed.  All costs of this appeal are taxed to Defendant/Appellant, Edward Earl Lewis.

**AFFIRMED.**